FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 MAR -9 PM 3:45

DOMENICK LACERTOSA,

Plaintiff,

-vs-

CASE NO.: 6:16-cv-406-ORL-41-DAB

CAWLEY & BERGMANN, LLP,

Defendant.
_______________________________/

## COMPLAINT

Plaintiff, DOMENICK LACERTOSA, by and through his undersigned counsel, sues the Defendant, CAWLEY & BERGMANN, LLP, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like CAWLEY & BERGMANN, LLP ("CAWLEY") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'"

137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

**JURISDICTION AND VENUE**

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Seminole County, Florida), the phone calls were received in this District, and the Defendant transacts business in Seminole County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Seminole County, Florida, and resides in this District.

11. Plaintiff is an "alleged debtor."

12 Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

13. Defendant is a business entity registered in New York with a principal place of business and/or office for transacting its business located at 117 Kinderkamack Rd., Suite 201, River Ridge, New Jersey 07661. Defendant regularly transacts business in the State of Florida.

14. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Seminole County, Florida, by the Defendant's placing of illegal calls to Seminole County, Florida.

15. Defendant, at all material times, was attempting to collect money from a person named "John Youngers."

16. On or about April 2013, Defendant CAWLEY began bombarding Plaintiff's cellular telephone with calls seeking a person named "John Youngers." Many of the calls were prerecorded messages. Plaintiff does not know "John Youngers" nor does Plaintiff have an account with CAWLEY.

17. Shortly after the calls began, Plaintiff advised Defendant that he was not "John Youngers," that Defendant had the wrong number, and to stop calling the Plaintiff's cellular telephone. Despite Plaintiff's request that Defendant stop calling him, the calls continued.

18. Plaintiff informed the Defendant on at least three additional occasions that Defendant has the wrong number and to stop calling: on July 18, 2013 at 10:04, July 24, 2013 at 14:37 and July 30, 2013 at 17:15.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone numerous times from approximately April 2013 through approximately September 2013, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account. Defendant called the Plaintiff at least twenty (20) times. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

20. While Plaintiff was not able to keep track of every single call, below is a partial list of the calls that Defendant made to Plaintiff in July 2013:

07-08-13 at 16:33
07-17-13 at 9:36
07-18-13 at 9:31
07-18-13 at 10:26
07-19-13 at 8:34
07-22-13 at 12:43
07-23-13 at 11:30
07-24-13 at 14:33
07-29-13 at 16:14
07-30-13 at 16:54

21. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or

sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he received numerous pre-recorded messages from Defendant seeking "John Youngers"

22. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number were made without the "prior expressed consent" of the Plaintiff.

23. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (407) ***- 0877, and was the called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from the telephone number including but not limited to 201-292-8376; and when that number is called, a voice answers and identifies itself as "Cawley & Bergmann."

25. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls well-beyond April 2013, when Plaintiff first advised Defendant to stop calling Plaintiff.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

28. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

29. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

31. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

32. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

33. Due to Defendant's constant autodialer calls, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

**COUNT I**
**(Violation of the TCPA)**

34. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff advised Defendant that they were calling the wrong person.

37. Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff advised Defendant that they were calling the wrong person and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling him.

38. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAWLEY & BERGMANN, LLP, for statutory damages, punitive damages, actual damages, treble damages, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com